FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND** 2: 30

DISTRICT COURT
DISTRICT OF RHODE ISLAND

**OLUKEMI AKANJI**
Plaintiffs

C.A. No.:

v.

**LIFESPAN CORPORATION &**
**RHODE ISLAND HOSPITAL**
Defendants

CA 14- 320 M

## COMPLAINT

### INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **OLUKEMI AKANJI** (hereafter "Plaintiff"), an individual, against Lifespan Corporation and Rhode Island Hospital (hereafter "Employer" or "Defendants") in order to remedy and seek relief for the Defendants unlawful and discriminatory employment practices on the basis of race, national origin, disability status and related retaliation, in violation of Title VII of the Civil Rights Act of 1964; in addition to other federal, state, and common law claims.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to pertinent provisions of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§2000e et seq.  All conditions precedent to establishing this court's jurisdiction have been satisfied.

2.     The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Consideration of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they derive from a common nucleus of operative facts, and form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1367(a).

3.     Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c), because:

a.     the alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b.     all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in Providence, Rhode Island, within this judicial district;

c.     the Plaintiff would currently be receiving the full and fair benefit of her employment at the Defendants' place of business in Rhode Island, and within this judicial district, but for the Defendants' unlawful employment practices.

4.     On October 25, 2103, Plaintiff timely filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging

that she had been discriminated against on the basis of color, race and national origin, and had been subject to unlawful retaliation.

5.   In timely fashion, Plaintiff requested and received Right To Sue Authorization from the appropriate administrative agency(ies). (ATTACHMENT 1).

6.   Plaintiff has fulfilled all other conditions precedent to the institution of each count of this action.

## PARTIES

7.   Plaintiff Olukemi Akanji is a black female born in Nigeria. Plaintiff is a resident of the City of Cranston, Rhode Island.

8.   The Defendant Rhode Island Hospital is a domestic corporation, maintained to operate a principal place of business located at 593 Eddy Street, Providence, RI 02903. The Defendant Lifespan Corporation is a domestic corporation authorized to do business in the State of Rhode Island and maintains a principal office and place of business located at 167 Point Street; Providence, RI 02903. The Defendants are sufficiently joined in terms of ownership and control to be considered one employer for the purposes of this action.

9.      On information and belief, at all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 500 or more employees in the State of Rhode Island.

10.     At all times material to the allegations of this Complaint, the Defendants qualified as an employer and/or covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq., and any other state or federal statutes referenced in this Complaint.

11.     At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(g) and (h).

12.     At all times material to this action, Plaintiff was an individual, employee, and/or person covered under the terms and provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.; and any other state or federal statutes referenced in this Complaint.

13.   On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

14.   Plaintiff is a black female born in Nigeria.   Plaintiff compiled a positive record of dedicated service to the employer throughout her tenure of employment, at all times meeting or exceeding the Employers' legitimate expectations.

15.   Plaintiff worked for the Defendants for approximately 8 years, hired on or about March 7, 2005. She was fired effective November 11, 2013.

16.   Plaintiff is a Registered Nurse, and, at the time of her termination, held the position of Assistant Clinical Manager in the Jane Brown Building, Unit 4 South, Psychiatric Unit at Defendant Rhode Island Hospital.

17.   Commencing on or about September 26, 2013, Plaintiff was compelled to take a medical leave of absence from work, ordered by her physician, as a result of the egregious hostile and retaliatory work environment to which she was subjected, based on her color, race, and national origin.

18.   During her tenure of employment, prior to July of 2013, Plaintiff had never been subjected to any discipline or alleged to have engaged in any policy violation or workplace deficiency.

19.   During or about February, 2013, the employer hired a new Director of the Psychiatric Unit, Joan Salhany, a white American born individual, who became Plaintiff's immediate supervisor.

20.   On or about July 18, 2013, the new Salhany placed Plaintiff on a "corrective action plan" asserting false and pretextual performance issues, including the allegation that Plaintiff had exhibited "a lack of allegiance and support" for the new Director.

21.   Salhany consistently ignored Plaintiff's requests for detailed information to substantiate the corrective action plan, but simply responded with threats that the Plaintiff's discharge was imminent.

22.   In August 2013, Salhany terminated three black nurses, born in Africa, who also worked in the Psychiatric Unit and who also had unblemished work records.

23.   Plaintiff was the immediate supervisor of the terminated nurses, in her capacity as Clinical Manager, but was never consulted about these discharges nor allowed by Salhany to provide input regarding the discharge decisions. Plaintiff would not have concurred in the discharge decisions, and believed the discharges to be unwarranted.

24.    In mid-June 2013, the Director terminated another black African-born employee, a mental health worker, who also worked in the Psychiatric Unit.

25.    Prior to the discharge of the above referenced employees, these and other black employees submitted letters to the Defendant Hospital in an attempt to bring attention to what they perceived in good faith to be an ongoing and repeated pattern of discriminatory, biased and hostile workplace mistreatment based on race, color, national origin and retaliation.

26.    Plaintiff also spoke to the Defendant's Assistant Director of Diversity who herself was subsequently terminated for pretextual reasons.

27.    By letter dated September 23, 2013, Plaintiff informed Salhany that, in addition to the African nurses referenced above, she also believed that she had been harassed and abused in the workplace, based on her race, color and national origin.

28.    In addition to Plaintiff's letter, referenced in the preceding Paragraph, the African employees referenced in Paragraph 25, above, submitted a letter in July, 2013, to the hospital's Director of Diversity, entitled "Discriminatory Practices in the Psychiatry Department at RI Hospital" and, among other concerns, specifically addressed the behavior of the Director of the Department of Psychiatry, Salhany, Plaintiff's immediate/direct supervisor.

29.    As referenced above, on or about July 18, 2013, in retaliation for growing concerns and dissatisfaction among black African nurses in the Unit, the

Director issued to Plaintiff a "corrective action plan," asserting false and pretextual performance issues, including the allegation that Plaintiff exhibited a "lack of allegiance and support" for department leadership.

30. The Director ignored Plaintiff's requests for specific details regarding the basis for any alleged performance deficiencies, but repeatedly threatened that Plaintiff's termination was imminent even though no legitimate basis for termination existed.

31. On or about September 26, 2013, Plaintiff commenced her medical leave.

32. In retaliation because Plaintiff complained about unlawful workplace conditions based on her race, color, and national origin, and because she asserted her right to take an FMLA medical leave, on October 8, 2013, while Plaintiff was still on medical leave, Salhany falsely charged Plaintiff, in writing, with removing Hospital property from her office.

33. The Director made the allegation contained in the previous Paragraph without investigation or any interaction with the Plaintiff and in an effort to harass and intimidate the Plaintiff, because she sought to assert her legally protected right to a lawful work environment. No evidence has ever been produced that Plaintiff engaged in any wrongdoing whatsoever.

34. At times pertinent to the events at issue in this action, other complaints have been lodged with the Hospital regarding, for example, a Hospital policy prohibiting black African employees from speaking any language other than English while at work, and incidents of disparate policies/action

of Salhany and the Defendant Hospital favoring white employees over black and African employees.

35. As indicated above, effective November 11, 2013, Plaintiff was terminated while on medical leave for the false and pretextual reason of allegedly not providing the employer with certain medical leave documentation.

36. Plaintiff provided all pertinent and requested documentation in support of her medical leave to the Defendants in a timely manner. Despite her frequent requests, in writing, to pertinent authority, the Defendants refused to provide to Plaintiff specific information as to exactly what information the Defendants alleged was deficient.

37. Plaintiff was terminated based on her color, race and national origin, in retaliation for asserting her right to a lawful work environment, and because she availed herself of her right to take a medical leave under the FMLA.

38. There exists a hostile environment in the employer's Psychiatric Unit, based on race, color and national origin, as well as a climate of retaliation.

39. The Hospital is aware of these conditions but has done nothing to correct or address these issues, but rather has condoned and perpetrated unlawful conduct.

40. Rather than take action regarding hostile and discriminatory conditions, the hospital has retaliated against black African and other black employees, tolerated a hostile work environment and terminated such

employees, including Plaintiff, for asserting her right to oppose unlawful workplace treatment.

41.     The Defendants' conduct referenced in the preceding paragraphs were taken in retaliation against the Plaintiff for asserting her right to be free from a discriminatory and unlawful work environment, and because of her ethnic background, race, place of birth, and national origin and in retaliation for her good faith complaints, and because she asserted her right to a medical leave.

42.     The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff.

COUNT I
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. §2000e, ET SEQ.

DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
RETALIATION
TERMINATION

43.     The allegations contained in Paragraphs 1-42, above, are incorporated herein by reference in their entirety.

44.    The Defendants' discriminatory conduct, policies, and practices are violative of the provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. by:

    a.  interfering with Plaintiff's rights to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on color, race, national origin, and/or ethnic background;

    b.  depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she were entitled;

    c.  treating her in a hostile, demeaning, and otherwise unlawful manner based on her color, race, national origin, and/or ethnic background; and

    d.  causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputations.

45.    The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's color, race, national origin, and/or ethnic background.   Such practices include, but are not limited to, Defendants:

    a.    retaliating against Plaintiff because of her color, race, national origin, and/or ethnic background, and because she complained about unlawful workplace conditions;

    b.    forcing Plaintiff to work under discriminatory terms and conditions of employment, based on   color, race, national origin, and/or ethnic background;

c.     Terminating Plaintiff.

46.     But for the Defendants' intent to discriminate against Plaintiff because of her color, race, national origin, and ethnic background, Defendants would not have subjected Plaintiff to discriminatory terms and conditions of employment or retaliated against her.

47.     The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's color, race, national origin, and/or ethnic backgrounds.  The Defendants' conduct has unlawfully deprived Plaintiff of her employment status, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her personal and professional reputations; and has caused her humiliation, as well as physical and/or emotional injuries.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L.§28-5-1 et seq.

DISCIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
RETALIATION
TERMINATION

48.   Paragraphs 1-42 above are herein incorporated by reference in their entirety.

49.   The Defendants' discriminatory conduct, policies, and practices were undertaken with a deliberate and callous disregard for Plaintiff's rights, and are violative of the provisions of the RIFEPA, by:

a.  interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on color, race, national origin and/or ethnic background;

b.  depriving Plaintiff of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.  treating Plaintiff in a hostile, demeaning, and otherwise unlawful manner based on her race, national origin, and/or ethnic background; and

d.  Causing Plaintiff lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputations.

50.   The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's color, race, national origin, and/or ethnic background. Such practices include, but are not limited to, Defendants:

a.   Retaliating against Plaintiff for complaining about what she reasonably believed to be unlawful workplace treatment;

 b. Forcing Plaintiff to work under discriminatory terms and conditions of employment, based on color, race, national origin, and/or ethnic background.

51. But for the Defendants' intent to discriminate against Plaintiff because of her color, race, national origin, and ethnic background, Defendants would not have retaliated against Plaintiff or subjected her to discriminatory terms and conditions of employment.

52. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injuries.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990
R.I.G.L. 42-112-1 ET SEQ.

DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
RETALIATION

## TERMINATION

53.     Paragraphs 1-42 above are incorporated herein by reference in their entirety.

54.     Despite Plaintiff's ability to perform the duties of her position in a satisfactory manner, the Defendants unlawfully subjected Plaintiff to discriminatory terms and conditions of employment, and retaliated against Plaintiff, because of Plaintiff's color, race, national origin, and/or ethnic background and for complaining about what she reasonably believed to be unlawful workplace treatment.

55.     But for the Defendants' intent to discriminate against Plaintiff because of her race, national origin and/or ethnic background, Defendants would not have engaged in the unlawful conduct described in the preceding paragraphs.

56.     By its conduct described in the preceding paragraphs, Defendants have engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

57.     The Defendants' conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiffs, and has unlawfully deprived the Plaintiff of her employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to her personal and professional reputations, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION

58.    Paragraphs 1-42, above, are incorporated herein, by reference, in their entirety.

59.    Defendants owed a duty of care and responsibility to the Plaintiff, regarding its agents, supervisors, managers, and others with authority over the Plaintiff. Said duty required the Defendants to:

a. properly train its agents, supervisors, and managers, including Salhany, regarding appropriate workplace conduct;

b. exercise reasonable supervision and monitoring of the conduct of said individual(s);

c. take prompt and effective remedial action when it came to the Defendants' attention that said individuals were engaging in inappropriate or unlawful conduct;

d. take the steps to provide the Plaintiffs and other employees with a lawful workplace.

60.     The Defendants acted as unfit and unsuitable employers, in the manner in which they trained and supervised their agents, supervisors, managers.

61.     The Defendants breached the duty of care owed to the Plaintiff to exercise the skills, ability, and care customarily exercised by employers in similar circumstances, in the hiring, training, supervision, and monitoring of the attitude and performance of its agents, supervisors, and managers, especially with respect to their duty to maintain a workplace free from unlawful conduct.

62.     As the direct, foreseeable, and intended result of the Defendants' tortuous conduct, the Plaintiff has suffered lost wages, benefits, harm to their good and valuable personal and professional reputations, and other damages now and in the future, including severe emotional distress with resulting severe physical and emotional manifestations, as well as those damages for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT V
THE RI WHISTLEBLOWERS' PROTECTION ACT
TITLE 28
SECTION 28-50-1

63.     The allegation in paragraphs 1-42, above, are incorporated herein by reference, in their entirety.

64.     The Defendants' conduct in discharging the Plaintiff was motivated by an intent to discriminate against the Plaintiff and retaliate against the Plaintiff because, *inter alia*, she reported to her superiors, in writing, unlawful conduct which she knew or reasonably s believed to be a violation of employee rights under federal and/or state law, and/or which represented an existing or imminent violation of state or federal law, and because she stated an intention to provide information to other authorities of Defendants and/or state and/or federal agencies regarding unlawful working conditions.

65.     But for the Defendants' intent to retaliate against the Plaintiff because of her conduct referenced in the previous paragraph, Defendants would not have retaliated against the Plaintiff, subjected her to discriminatory terms and condition of employment, or terminated her.

66.     Defendants' conduct is in violation of the RI Whistleblowers' Act, RIGL Section 28-50-01 *et seq.*

67.     As a result of Defendants' unlawful conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiffs pray that judgment be entered herein against the Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT VI

## STATE AND FEDERAL MEDICAL LEAVE ACTS

68.     The allegations in Paragraphs 1-42, above, are incorporated herein by reference, in their entirety.

69.     Plaintiff was fully qualified under the provisions of both the federal Family and Medical Leave Act of 1993 and the Rhode Island Parental and Family Medical Leave Act to avail herself of her right to take medical leave from her employment.

70.     As confirmed by her treating physician's diagnosis, at the time of her leave, Plaintiff suffered from a serious medical condition rendering her incapacitated and unable to work, and requiring ongoing treatment.

71.     Plaintiff commenced her leave on or about September 26, 2013, with the Defendants' approval, and fully complied with all requirements of the state and federal statutes for maintaining her leave eligibility under those laws.

72.     Prior to the exhaustion of her leave entitlement under state and/or federal law, effective on or about November 11, 2013, Plaintiff was terminated for the false and pretextual reason that she had not submitted certain unspecified documentation to her employer.

73.     Plaintiff was unlawfully terminated for false and pretextual reasons, under the guise of not meeting medical leave requirements, in retaliation for her having complained regarding unlawful workplace conditions.

74.     Plaintiff was unlawfully terminated in retaliation for having asserted her right to take medical leave under state and federal statutes.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.     an order that the Defendants institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of color, race, national origin, ethnic background, or medical leave status;.

b.     an order that the Defendants make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the granting to Plaintiff appropriate increases, benefits, status, and promotional opportunities of the workplace;

c.     an order that the Defendants make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment, losses in pension entitlement, vacation pay and other benefits, in amounts to be determined at trial;

d.    an order that the Defendants make whole the Plaintiffs by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-24;

e.    grant attorney's fees and the costs of this action;

f.    grant punitive damages, as appropriate, to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-1;

g.    grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10; and

h.    grant such further relief as this Court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.


Respectfully Submitted,
Plaintiff,
Olukemi Akanji
By Her Attorney,

/s/ Stephen T. Fanning

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)